the relator as an alleged fugitive to be made under the warrant of the Governor of this state. The issuance of the commitment is from the examination before the magistrate sufficiently justified, if "it appears to the satisfaction of the magistrate that the person under arrest is charged in such other state or territory with treason, felony or other crime, and has fled from justice." From the records produced under a subpoena duces tecum it appears that certain affidavits and papers were presented to the magistrate and an examination of the relator had before him relative to the charge of grand larceny pending against the relator in the state of Pennsylvania, and that he is a fugitive from said state. The proof before the magistrate need not be of the quality and character that may be necessary to justify the executive authority of the state to return a fugitive to a demanding state. The magistrate had jurisdiction of the relator, and the facts before him were sufficient to uphold the commitment.

Writ dismissed.

---

(54 Misc. Rep. 59)

### BACHRACH v. E. SEIDENBERG, STIEFEL & CO.

(Supreme Court, Special Term, New York County. April, 1907.)

EASEMENTS—RIGHTS OF PARTIES—INJUNCTION.

Defendant had an easement under the yard in the rear of plaintiff's premises, under which it had a right to maintain an engine room and boilers. Plaintiff sued to compel defendant to make the roof of the engine room fireproof, in accordance with the requirements of the tenement house department of the city of New York, which was a condition of that department to be complied with before use of plaintiff's premises for a tenement house. *Held*, that a motion for an injunction restraining defendant's use of the premises will be denied.

Action by Irving Bachrach against E. Seidenberg, Stiefel & Company. Motion for injunction denied.

Isaac Cohen, for the motion.
Cantwell & Brown, opposed.

GREENBAUM, J. This case is quite unique. The defendant has an easement under the yard in the rear of plaintiff's premises permitting the maintenance of an engine room and boilers as they now exist. The defendant is using the engine room and boilers in connection with its business, which is conducted on the premises contiguous to those of plaintiff. The plaintiff's premises are improved with buildings known as tenement houses. Violations have been filed by the tenement house department of the city of New York against plaintiff's premises, and the tenants occupying the rear apartments of said premises have been forced to vacate them by order of the tenement house department, by reason of the existing violations. The violations of the department were filed for failure of plaintiff to "provide proper means of egress in case of fire from the rear fire escape by making the roof of the cellar extension entirely fireproof." Plaintiff claims that the duty devolves upon the defendant to make the required alterations, asserting that he has no right to enter upon the portion of the premises reserved to defendant; that, although he has notified the defendant to make the necessary alterations, the latter has refused

to comply with the demand; and that he will thereby sustain irreparable injury and damage. An injunction is sought perpetually to restrain the defendant from using said engine room and boiler, or until the roof of the cellar and vault is made fireproof in accordance with the requirements of the tenement house department.

The question is presented as to the reciprocal obligations of the parties. The defendant has done nothing to change the character or enjoyment of the easement. Apparently it has strictly conformed to the rights to which he is there entitled. The tenement house department has not complained to it. There' is no claim that the engine room and boilers are dangerous per se. On the contrary, the presumption is that they are lawful structures, and, so far as defendant is concerned, it is violating no law or ordinance in using the engine room and boilers. The order of the tenement house department runs to the plaintiff, forbidding his use of the rear portion of his buildings for dwelling purposes unless the roof of the cellar in the rear of premises is made fireproof. I have no doubt that the plaintiff, as owner of the servient estate, is entitled to the use of his property, not inconsistent with the easement enjoyed by the dominant estate of the defendant. But this is far from casting upon the defendant the duty to so alter and reconstruct the place where the engine room and boilers are located as to render it fireproof for the benefit of the plaintiff. If defendant refused to permit the plaintiff to enter upon the premises subjected to the easement, a different question would be presented. I am not, however, called upon to consider such a situation. As the case now stands, I do not think that plaintiff presents any cause of action against the defendant. It is true plaintiff may be subjected to considerable expense in complying with the order of the tenement house department. But the defendant is innocent in bringing about this condition of affairs, and I know of no equitable consideration which would justify the imposition upon the defendant of the duty or obligation to make alterations which are made necessary by the use to which the plaintiff is putting his own premises. The motion must be denied.

Motion denied.